United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Pedro Alexander Matallana Alzate,<br>Petitioner,<br>v.<br>Sergio Alberran, Field Office Director of the San Francisco Immigration and Customs Enforcement Office; David J. Venturella, Acting Director of United States Immigration and Customs Enforcement; Markwayne Mullin, Secretary of the United States Department of Homeland Security; Todd Blanche, Attorney General of the United States, acting in their official capacities,<br>Respondents. | Case No. 4:26-cv-10866-YGR<br>**ORDER GRANTING TEMPORARY RESTRAINING ORDER**<br>Re: Dkt. No. 6 |

Before the Court is Petitioner's *Ex Parte* Motion for Temporary Restraining Order. TRO Mot., ECF No. 6. On September 23, 2026, Petitioner filed a Petition for Writ of Habeas Corpus, and on September 24, 2026 Petitioner filed an *Ex Parte* Motion for Temporary Restraining Order, against Respondents Field Office Director Sergio Albarran, Acting Director of Immigration and Customs Enforcement David J. Venturella, Secretary of the Department of Homeland Security Markwayne Mullin, and United States Attorney General Todd Blanche. ECF Nos. 1, 6. Petitioner asks this Court to: (1) order his immediate release from Respondents' custody and enjoin Respondents from re-detaining Petitioner absent further order of this Court; (2) in the alternative, immediately release Petitioner from Respondents' custody and enjoin Respondents from re-detaining Petitioner unless Respondents demonstrate at a pre-deprivation bond hearing, by clear and convincing evidence, that Petitioner is a flight risk or danger to the community such that his physical custody is required; (3) require Respondents to return to Petitioner all property confiscated from Petitioner during his arrest, processing, and/or detention; and (4) enjoin Respondents from transferring him out of California until these habeas proceedings have

United States District Court
Northern District of California

concluded. *See* Notice of Mot., ECF No. 6. For the following reasons, the TRO is **GRANTED** as modified below.

## I. BACKGROUND

According to the record before the Court, Petitioner is an asylum seeker who fled to the United States from Colombia in 2022. Pet. for Writ of Habeas Corpus ¶ 2, ECF No. 1. When Petitioner arrived in the United States, he "was briefly held in immigration custody and then released into the United States" after "DHS determined that he posed neither a danger to the community nor a risk of flight." *Id.* ¶ A.3. Since then, Petitioner has "attended every scheduled check-in and has never missed one." *Id.* ¶ A.4. He "has been granted employment authorization and has a Social Security number," gained employment assembling ventilation and refrigeration items at Quanta Electronics, established residence in Fremont, California, "filed federal income tax returns the last two years, 2024 and 2025," has a partner of one year, and regularly attends services at a Mormon temple in Fremont. *Id.* ¶ A.5, 7–8; Decl. of Karen Bird ¶ 12, ECF No. 6-2. In June 2026, Petitioner was arrested for allegedly driving under the influence ("DUI") after he was found sleeping in his car, which was parked outside of his home in Fremont. Decl. of Karen Bird ¶ 8, ECF No. 6-2.

On September 23, 2026, Petitioner arrived at the ICE facility at 630 Sansome Street in San Francisco for a routine ICE check-in, where he was suddenly detained without warning. Pet. for Writ of Habeas Corpus ¶ A.10, ECF No. 1. Respondents claim that they re-arrested petitioner for his charged DUI incident. Decl. of Karen Bird ¶ 7, ECF No. 6-2. Petitioner was not shown a warrant at his arrest. *Id.* ¶ 9. Petitioner has since been transferred out of the 630 Sansome Street facility and is currently being detained at the Central Valley Annex in McFarland, California. Respondents' Status Report, ECF No. 5.

On September 23, 2026, this Petition was filed. The same day, Petitioner's counsel provided notice of the Petition and a forthcoming motion for a TRO, along with a copy of the Petition, to respondents' counsel. Decl. of Jordan Weiner ¶ 5, ECF No. 6-3. On September 24, 2026, counsel filed the motion for the TRO and sent a copy to Respondents' counsel. *Id.* In the motion, Petitioner contends that his arrest and detention violate the Due Process Clause of the

Fifth Amendment, both substantively (because Respondents allegedly have no valid interest in detaining him) and procedurally (because he was not provided with a pre-detention bond hearing).

## II. LEGAL STANDARD

The standard for issuing a temporary restraining order is substantially identical to the standard for issuing a preliminary injunction. *Washington v. Trump*, 847 F.3d 1151, 1159 n.3 (9th Cir. 2017). Thus, a party seeking a temporary restraining order must establish "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). "[I]f a plaintiff can only show that there are serious questions going to the merits – a lesser showing than likelihood of success on the merits – then a preliminary injunction may still issue if the balance of hardships tips *sharply* in the plaintiff's favor, and the other two *Winter* factors are satisfied." *Friends of the Wild Swan v. Weber*, 767 F.3d 936, 942 (9th Cir. 2014) (internal quotation marks and citations omitted). "[W]hen the Government is the opposing party," the final two factors "merge." *Nken v. Holder*, 556 U.S. 418, 435 (2009).

An injunction is a matter of equitable discretion and is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22. A "TRO 'should be restricted to . . . preserving the status quo and preventing irreparable harm just so long as is necessary to hold a [preliminary injunction] hearing, and no longer.'" *E. Bay Sanctuary Covenant v. Trump*, 932 F.3d 742, 779 (9th Cir. 2018) (quoting *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974)).

## III. DISCUSSION

Petitioner has demonstrated a likelihood of success on the merits of his claim that his ongoing detention violates his procedural due process rights under the Fifth Amendment. Petitioner has a substantial interest in remaining out of custody, and the Due Process Clause entitles Petitioner to a bond hearing before an immigration judge prior to any arrest or detention. *Pinchi v. Noem*, --- F. Supp. 3d ----, No. 25-cv-05632-PCP, 2025 WL 2084921, at *2-6 (N.D. Cal.

July 24, 2025) (applying the three-part test established in *Mathews v. Eldridge*, 424 U.S. 319 (1976) to similar circumstances); *see also Pablo Sequen v. Kaiser*, --- F. Supp. 3d ----, No. 25-cv-06487-PCP, 2025 WL 2203419, at *2 (N.D. Cal. Aug. 1, 2025) (collecting cases).

The Court expects the government to argue that petitioner's recent DUI arrest justifies his detention. However, "[c]ourts in the Ninth Circuit have found that arrests without convictions do not typically give rise to the urgency required to justify a post-deprivation hearing." *Mena v. Albarran*, 2026 WL 1549201, at *4 (N.D. Cal. June 1, 2026) (citing *Singh v. Bondi*, 2026 WL 747104, at *3 (W.D. Wash, Mar. 17, 2026) ("An arrest, standing alone, is not evidence of criminal activity in breach of Petitioner's release conditions.")); *see also Larios v. Albarran*, 2025 WL 3043391, at *8 (N.D. Cal. Oct. 31, 2025) (finding that an arrest did not constitute changed circumstances sufficient to merit re-detention without a hearing). This is especially so here, where petitioner's DUI arrest purportedly occurred while he was sleeping in his car, which was parked outside of his home in Fremont.

Petitioner has also demonstrated a likelihood of irreparable injury in the absence of temporary relief. The likely unconstitutional deprivation of liberty that Petitioner faces is an immediate and irreparable harm. "It is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'" *Hernandez v. Sessions*, 872 F.3d 976, 994 (9th Cir. 2017) (quoting *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012)); *see also Warsoldier v. Woodford*, 418 F.3d 989, 1001-02 (9th Cir. 2005). "[I]t follows inexorably from [the] conclusion" that Petitioner's detention without a hearing is "likely unconstitutional" that he has "also carried his burden as to irreparable harm." *Hernandez*, 872 F.3d at 995.

The final two *Winter* factors, the balance of the equities and public interest, also weigh heavily in favor of granting temporary relief. "[T]he public has a strong interest in upholding procedural protections against unlawful detention, and the Ninth Circuit has recognized that the costs to the public of immigration detention are staggering." *Jorge M. F. v. Wilkinson*, No. 21-cv-01434-JST, 2021 WL 783561, at *3 (N.D. Cal. Mar. 1, 2021) (cleaned up); *see Melendres*, 695 F.3d at 1002 ("[I]t is always in the public interest to prevent the violation of a party's constitutional rights." (quotation omitted)); *Preminger v. Principi*, 422 F.3d 815, 826 (9th Cir.

2005) ("Generally, public interest concerns are implicated when a constitutional right has been violated, because all citizens have a stake in upholding the Constitution."). As other courts in this district and others have concluded under similar circumstances, "the potential harm to [Petitioner] is significant, while the potential harm to the government is minimal." *Pablo Sequen*, 2025 WL 2203419, at *3. At most, the government faces a short delay in detaining Petitioner if it ultimately demonstrates, by clear and convincing evidence, that his detention is necessary to prevent danger to the community or flight. *See Jorge M. F.*, 2021 WL 783561, at *3; *Diaz v. Kaiser*, No. 25-cv-05071, 2025 WL 1676854, at *3 (N.D. Cal. June 14, 2025). The government is not "harmed in any legally cognizable sense by being enjoined from constitutional violations." *Zepeda v. U.S. Immigr. & Nat. Serv.*, 753 F.2d 719, 727 (9th Cir. 1983). Faced with "a conflict between [administrative] concerns and preventable human suffering, [the Court has] little difficulty concluding that the balance of hardships tips decidedly in [Petitioner's] favor." *Hernandez*, 872 F.3d at 996) (quoting *Lopez v. Heckler*, 713 F.2d 1432, 1437 (9th Cir. 1983)).

A TRO immediately releasing Petitioner is appropriate to return him to the status quo. *E. Bay Sanctuary Covenant*, 932 F.3d at 779. The status quo refers to "the last uncontested status which preceded the pending controversy." *Doe v. Noem*, 778 F. Supp. 3d 1151, 1166 (W.D. Wash. 2025) (quoting *GoTo.com, Inc. v. Walt Disney Co.*, 202 F.3d 1199, 1210 (9th Cir. 2000)). That is the moment prior to Petitioner's likely illegal detention. *See Kuzmenko v. Phillips*, No. 25-cv-00663, 2025 WL 779743, at *2 (E.D. Cal. Mar. 10, 2025) (granting a temporary restraining order requiring immediate release of the petitioner back to home confinement from custody, as a restoration of the status quo).

Because Petitioner satisfies all requirements for temporary injunctive relief and such relief is necessary to restore the status quo, the TRO Motion is granted as detailed below. This Order accords with many other recent grants of temporary relief in similar circumstances. *See, e.g.*, *Alva v. Kaiser*, No. 25-cv-06676, 2025 WL 2294917, at *3 (N.D. Cal. Aug. 7, 2025) (granting temporary restraining order); *Pinchi v. Noem*, No. 25-cv-05632, 2025 WL 1853763, at *4 (N.D. Cal. July 4, 2025) (granting temporary restraining order requiring release of asylum seeker and a pre-detention bond hearing before re-arrest); *Singh*, 2025 WL 1918679, at *10 (granting

preliminary injunction); *Doe v. Becerra*, No. 25-cv-647-DJC-DMC, 2025 WL 691664, at *8 (E.D. Cal. Mar. 3, 2025) (granting temporary restraining order); *see also Diaz*, 2025 WL 1676854 (granting temporary restraining order requiring pre-detention hearing before re-detention of noncitizen out of custody five years); *Garcia v. Bondi*, No. 25-cv-5070, 2025 WL 1676855, at *3 (N.D. Cal. June 14, 2025) (granting temporary restraining order requiring pre-detention hearing before re-detention of noncitizen out of custody six years ); *Enamorado v. Kaiser*, No. 25-cv-4072-NW, 2025 WL 1382859, at *3 (N.D. Cal. May 12, 2025).

Finally, the Court exercises its discretion under Rule 65(c) to dispense with the filing of bond. "[T]here is no realistic likelihood of harm to the [Respondents] from enjoining [their] conduct." *Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003). Therefore, no security is needed to ensure that Respondents will be reimbursed for "costs and damages sustained by . . . hav[ing] been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c).

## IV. ORDER

For the foregoing reasons, it is hereby **ORDERED** that Petitioner's Motion for Temporary Restraining Order is **GRANTED** to preserve the status quo pending further briefing and a hearing on this matter. Respondents are **ORDERED** to immediately release Petitioner from Respondents' custody pending full briefing and hearing on the underlying petition and/or a preliminary injunction regarding re-detention.

Respondents shall file a status report **by close of business Friday, September 25, 2026** confirming release and shall not re-detain pending resolution of the forthcoming hearing.

Respondents are **ORDERED TO SHOW CAUSE** why the petition should not be granted and/or a preliminary injunction should not issue prohibiting re-detention of Petitioner without notice and a pre-deprivation hearing before a neutral decisionmaker and prohibiting Respondents from removing Petitioner from the United States.

Respondents shall file a response to Petitioner's motion by no later than **October 1, 2026**. Any reply shall be filed by close of business on **October 5, 2026**. A hearing shall be heard at 11:00 a.m. in Courtroom 1 of the Oakland Courthouse on **October 8, 2026. This order shall**

United States District Court
Northern District of California

**remain in effect until that time.** Parties are advised that the assigned judge may change the briefing schedule and the hearing date.

**IT IS SO ORDERED.**

Dated: September 24, 2026

YVONNE GONZALEZ ROGERS
CHIEF UNITED STATES DISTRICT JUDGE